**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,** **CASE NO.: 8:23-cr-00305-TPB-SPF-1**

**v.**

**DEVON FLOYD,**

**Defendant.**
_______________________________________/

**DEFENDANT'S RENEWED**
**"MOTION TO SUPPRESS 'TOWER DUMP' AND 'PING' EVIDENCE"**
**OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION**

In light of a recent Supreme Court decision, Defendant, Devon Floyd, by and through undersigned counsel, renews his August 29, 2025, Motion to Suppress "Tower Dump" and "Ping" Evidence (Doc. 180) ("Defendant's Suppression Motion") or in the alternative moves for this Court to reconsider its December 5, 2025 Order denying the same. (Doc.197). In support, Defendant states as follows:

**Procedural History**

On December 5, 2025, this Court denied Defendant's Suppression Motion. In its Order, the Court noted law enforcement's use of two methods to obtain cell phone location data. First, law enforcement used a "tower dump" to pull data showing which cell phones connected to a particular cell phone

tower during a particular timeframe, including Defendant's. Second, law enforcement used "pings" on Defendant's phone to obtain data about the precise location of Defendant at a given time. Officers did not obtain a warrant before obtaining any Defendant's phone location information.

Defendant's Suppression Motion argued the warrantless searches violated the Fourth Amendment. The Court disagreed and held that "the identification of a particular phone present near a particular place for a particular period of time" did not present Fourth Amendment concerns. The Court stated the "information obtained from a tower dump or ping simply does not involve the sort of precise location-tracking data" subject to an individuals' legitimate expectation of privacy.

Moreover, the Court further held that even if a seizure under the Fourteen Amendment occurred, Defendant's Suppression Motion was still to be denied because the seizure occurred pursuant to exigent circumstances. Finally, the Court held that even if there was a Fourth Amendment violation, the good faith exception to the exclusionary rule would apply.

For purposes of this Motion, all factual and legal arguments asserted in Defendant's Suppression Motion are adopted and should be considered reasserted as if stated herein.

## ***Chatrie***

On June 29, 2026, the Supreme Court issued its opinion in *Chatrie v. United States,* 609 U.S. __ (2026), which held an individual has a reasonable expectation of privacy in his cell-phone location information. The *Chatrie* opinion adopted many protections first stated in *Carpenter v. United States*, 585 U.S. 296 (2018) regarding Cell Site Location Information ("CSLI") and expressly extended those protections to Location History Data.

Thus, this Court's prior holding that Tower Dump or Ping seizures conflicts with the Supreme Court precedent in *Chatrie*. As a result of *Chatrie*, Defendant renews his Suppression Motion. In the alternative, this Court should reconsider its prior finding that the Fourth Amendment was not implicated in the Tower Dump or Ping seizures in Defendant's case.

## Exigent Circumstances

It is anticipated the government will argue that even if the Fourth Amendment applies to the Tower Dump and Ping seizures, there is an exigent circumstances warrant exception which nullifies the impact of *Chatrie*. However, as part of this renewal and motion, Defendant submits that no exigent circumstances existed to justify the warrantless seizure.[1]

[1] Defendant's Suppression Motion did not previously address warrant exception arguments. This is Defendant's first opportunity to address whether exigent circumstances or a good faith exception existed.

As the government cited in its Response (Doc.180) and was adopted by the Court in its Order, exigent circumstances only exist when law enforcement is confronted with an urgent situation such as pursuing a fleeing suspect, protecting individuals in imminent harm, or presenting the destruction of evidence. *Carpenter*, 585 U.S. at 2223. Oddly, none of these factual patterns present themselves in Defendant's case. First, "pursuit" is not merely investigation or searching for a suspect, it is "hot pursuit." See *United States v. Blasco*, 702 F. 2d 1315 (1983) (referencing "hot pursuit" and citing multiple cases using the same term). Similarly, there was no "imminent" harm present in this case. At most, there was concern a future robbery might occur. Lastly, there are no facts to support evidence was about to be destroyed. In short, no exigent circumstance existed and law enforcement's use of the term "exigent" when describing their warrantless seizure does not overcome its burden to establish a warrant exception.

## The Good Faith Exception Does Not Apply

Law enforcement was not acting in good faith belief that the Fourth Amendment did not apply. Perhaps the most telling fact is law enforcement's use of the term "exigent" to describe its data seizures. This is a confession of their own belief a warrant would otherwise be needed. Also, as explained above, law enforcement's use of the term "exigent" does not make a situation exigent absent hot pursuit, imminent threat, or risk of evidence loss. This was established law at the time law enforcement conducted its seizures. The "exigent" data seizures were merely investigative means, not actually exigent, and not subject to a good faith exception to the warrant requirement.

## Conclusion

For the reasons stated herein, Defendant's Suppression Motion should be granted and all evidence uncovered because of the illegal data seizures should be suppressed.

Dated: July 7, 2026

Respectfully Submitted,

**SHRADER MENDEZ**
902 N. Armenia Ave
Tampa, Florida 33609
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/Brian L. Shrader__________
**BRIAN L. SHRADER, ESQ.**
Florida Bar No.: 57251
E-mail: bls@smjustice.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Brian L. Shrader
*Attorney*